IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MEHMET AKSOY, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. |
| | ) | |
| v. | ) | |
| | ) | |
| SELECTRUCKS OF AMERICA, LLC, | ) | TRIAL BY JURY DEMANDED |
| a Delaware limited liability company, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

1.  The plaintiff is an individual and resident of the State of New York.

2.  The defendant is a limited liability company organized under the laws of the State of

Delaware.

3.  The defendant owns and operates a new and used commercial truck dealership known

as SelecTrucks of the Mid-Atlantic (Wilmington, Del.) located at 520 Terminal Avenue, New

Castle DE 19720.

4.  On or about July 31, 2006, the plaintiff and the defendant entered into a contract in

which the plaintiff agreed to buy, and the defendant agreed to sell, a commercial truck,

specifically a 2004 Freightliner FLCL-120, VIN No. 1FUJA6CG74LM10966 ("the vehicle").

5.  The plaintiff financed the purchase of the vehicle through a finance lease arrangement.

Under the terms of the finance lease, the plaintiff is the assignee of the leasing company's rights

against the defendant for the claims made in this Complaint.  Moreover, pursuant to 6 Del. C.

§2A-209, the plaintiff is the beneficiary of all promises and warranties made by the defendant in

the sale contract.

6.  Pursuant to the terms of the parties' contract, the defendant represented and expressly

warranted to the plaintiff that the vehicle had 320,000 miles on it.  The plaintiff relied on that representation and warranty in, among other things, determining the fair sale price of the vehicle, which was $64,500.00.

7.  The defendant's representation and warranty about the mileage on the vehicle was false.  In fact, the vehicle had close to 500,000 miles on it, as the defendant plaintiff later learned when he had the vehicle serviced.  But for the defendant's representation and warranty about the mileage on the vehicle, the plaintiff would have either paid a substantially lower price for the vehicle, or would not have bought it at all and would have bought a different vehicle.

8.  When the plaintiff bought the vehicle, the vehicle's odometer indicated the mileage represented to the plaintiff in the parties' contract.  The defendant knew, or had reason to know, that the mileage stated on the odometer was incorrect and that the vehicle had many more miles on it than what was being represented to the plaintiff.

9.  Alternatively, the defendant owed a duty to the plaintiff to determine the correct mileage of the vehicle based on the Federal Odometer Act, 49 USC §32705, et seq., and because the defendant had reasonable cause to believe the plaintiff, or any other potential buyer, would rely on that information in making a decision about whether to buy the vehicle and how much to pay for it.

10.  The defendant breached the duty stated in the above paragraph by failing to exercise reasonable care in determining the correct mileage on the vehicle and imparting that information to the plaintiff.

11. The delivered vehicle failed to conform to the parties' contract and to the express representation and warranty made by the defendant to the plaintiff.

12.  As a direct and proximate consequence of the foregoing, the plaintiff has incurred

liability on the finance lease in the total amount of $93,981.15, for a vehicle that the plaintiff would not have purchased had he known the true state of the mileage.

13.   As a further direct and proximate consequence of the foregoing, the plaintiff has incurred increased costs as a Federal Express contractor, in that he has been unable to use the vehicle for long haul trips, and has had to pay to obtain a substitute vehicle for long haul trips.

14.   The plaintiff has contacted the defendant about the allegations made in this Complaint, but thus far the defendant has been unwilling to provide the plaintiff with any relief.

15.   The defendant has violated the provisions of the Delaware Consumer Fraud Act (DCFA), 6 Del. C. §2513(a) by misrepresenting the true mileage of the vehicle with the intent that the plaintiff would rely on such misrepresentation.

16.   The defendant has violated the provisions of the Federal Odometer Act, 49 U.S.C. §32705, by making a false statement to the plaintiff concerning the mileage on the vehicle with intent to defraud the plaintiff.

WHEREFORE, the plaintiff demands judgment against the defendant as follows:

a) a declaration that the plaintiff has justifiably revoked acceptance of the vehicle under Article 2 of the Uniform Commercial Code;

b) a monetary judgment for plaintiff's direct damages in an amount of not less than $93,981.15;

c) a monetary judgment for plaintiff's costs in procuring substitute goods;

d) treble damages under the Federal Odometer Act, 49 U.S.C. §32710(a);

e) plaintiff's reasonable attorney's fees under the Federal Odometer Act, 49 U.S.C. §32710(b);

f) pre-judgment interest and post-judgment interest at the legal rate and court costs.

FERRY, JOSEPH & PEARCE, P.A.

/s/Rick S. Miller
Rick S. Miller (#3418)
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899-1351
(302) 575-1555
Attorney for Plaintiff

Dated: January 2, 2008

(REV. 07/89)
# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANT |
|---|---|
| Mehmet Aksoy | SelecTrucks of America, LLC, a Delaware limited liability company. |

**b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** N/A
(EXCEPT IN U.S. PLAINTIFF CASES)

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Rick S. Miller (#3418)<br>FERRY JOSEPH & PEARCE, P.A.<br>824 Market Street, Suite 904<br>P.O. Box 1351<br>Wilmington, DE 19899-1351<br>(302)575-1555 | |

| II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY) | III. CITIZENSHIP OF PRINCIPAL PARTIES |
|---|---|
| □ 1 U.S. Government     X 3 Federal Question | N/A |
| □ 2 U.S. Government     □ 4 Diversity<br>Defendent       (Indicated Citizenship of Parties in Item III) | |

**IV. CAUSE OF ACTION** (CITE THE U S CIVIL STATUE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE
DO NOT CITE JURISDICTION STATUES UNLESS DIVERSITY.)

Federal Odometer Act, 49 USC Sec. 32705 et seq.,Delaware Consumer Fraud Act, common law fraud and misrepresentation

**V. NATURE OF SUIT** (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUES |
|---|---|---|---|---|---|
| □ 110 Insurance<br>□ 120 Manne<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment<br>  & Enforcement of<br>  Judgment<br>□ 151 Midicare Act<br>□ 152 Recovery of Defaulted<br>  Student Loans<br>  (Excl. Veterans)<br>□ 160 Stockholders Suits<br>□ 190 Other Contract<br>□ 195 Contract Product Liability | **PERSONAL INJURY**<br>□ 310 Airplane<br>□ 315 Airplane Product<br>  Liability<br>□ 320 Assault, Libel &<br>  Slander<br>□ 330 Federal Employers'<br>  Liability<br>□ 340 Manne<br>□ 345 Manne Product<br>  Liability<br>□ 350 Motor Vehicle<br>□ 355 Motor Vehicle Product<br>  Liability | **PERSONAL INJURY**<br>□ 362 Personal Injury--<br>  Med Malpractice<br>□ 365 Personal Injury --<br>  Product Liability<br>□ 368 Asbestos Personal<br>  Injury Product Liability<br>**PERSONAL PROPERTY**<br>□ 370 Other Fraud<br>□ 371 Truth in Lending<br>□ 380 Other Personal<br>  Property Damage<br>□ 385 Property Damage<br>  Property Liability | □ 610 Agriculture<br>□ 620 Other Food & Drug<br>□ 625 Drug Related Seizure<br>  of Property 21 USC 881<br>□ 630 Liquor Laws<br>□ 640 R.R. & Truck<br>□ 650 Airline Regs<br>□ 660 Occupational<br>  Safety/Health<br>□ 690 Other<br>LABOR<br>□ 710 Fair Labor Standards<br>  Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting<br>  & Disclosure Act<br>□ 740 Railway Labor Act | □ 422 Appeal<br>  28 USC 158<br>□ 423 Withdrawal<br>  28 USC 157<br>**PROPERTY RIGHTS**<br>□ 820 Copyrights<br>  830 Patent<br>□ 840 Trademark<br><br>**SOCIAL SECURITY**<br>□ 861 HIA (1395ff)<br>□ 862 Black Lung (923)<br>□ 863 DIWC/DIWW (405(g))<br>□ 864 SSID Title XVI<br>□ 865 RSI (405(g)) | □ 422 State Reapportionment<br>□ 410 Antitrust<br>□ 430 Banks and Banking<br>□ 450 Commerce/ICC Rates/etc.<br>□ 460 Deportation<br>□ 470 Racketeer Influenced and<br>  Corrupt Organizations<br>□ 810 Selective Service<br>□ 850 Securities/Commodities/<br>  Exchange<br>□ 875 Customer Challenge<br>  12 USC 3410<br>□ 891 Agricultural Acts<br>□ 892 Economic Stabilization<br>□ 893 Environmental Matters<br>□ 894 Energy Allocation Act<br>□ 895 Freedom of Information Act |
| **REAL PROPERTY**<br>□ 210 Land Condemnation<br>□ 220 Foreclosure<br>□ 230 Rent Lease & Ejectment<br>□ 240 Torts to Land<br>□ 245 Tort Product Liability<br>□ 290 All Other Real Property | **CIVIL RIGHTS**<br>□ 441 Voting<br>□ 442 Employment<br>□ 443 Housing/<br>  Accommodations<br>□ 444 Welfare<br>□ 440 Other Civil Rights | **PRISONER PETITIONS**<br>□ 510 Motions to Vacate<br>  Sentence<br>Habeas Corpus:<br>□ 530 General<br>□ 535 Death Penalty<br>□ 540 Mandamus & Other<br>□ 550 Civil Right | □ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc.Security<br>  Act | **FEDERAL TAX SUITS**<br>□ 870 Taxes (U.S. Plaintiff or<br>  Defendant)<br>□ 871 IRS -- Third Party 26<br>  USC 7609 | □ 900 Appeal of Fee Determination<br>  Under Equal Access to<br>  Justice<br>□ 950 Constitutionality of State<br>  Statues<br>⊠ Other Statutory<br>Actions |

| VI. ORIGIN | (PLACE AN x IN ONE BOX ONLY) | | | | | |
|---|---|---|---|---|---|---|
| ⊠ 1 Original<br>  Proceeding | □ 2 Removed from<br>  State Court | □ 3 Remanded from<br>  Appellate Court | □ 4 Reinstated or<br>  Reopened | □ 5 Transferred<br>  (specify) | □ 6 Multidistrict<br>  Litigation | □ 7 Magistrate<br>  Judgment |

**VII. REQUESTED IN**   CHECK IF THIS IS A CLASS ACTION    DEMAND $ 93,981.15
**COMPLAINT:**    □ UNDER F.R.C.P 23     JURY DEMAND: ⊠YES   □ NO

**VIII. RELATED CASE(S)**    (See instructions)
    **IF ANY**   N/A

DATE   January 2, 2008      SIGNATURE OF ATTORNEY OF RECORD /s/Rick S. Miller (#3418)

UNITED STATES DISTRICT COURT

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

0 8 - 0 0 3

Civil Action No. _____

# ACKNOWLEDGMENT
# OF  RECEIPT  FOR AO FORM  85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

2008 JAN -3  AM 10: 33

CLERK, U.S. DISTRICT COURT
DISTRICT OF DELAWARE
FILED

I HEREBY ACKNOWLEDGE RECEIPT OF _____ COPIES OF AO FORM 85.

_____
(Date forms issued)

_____
(Signature of Party or their Representative)

_____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action