IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MEHMET AKSOY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 08-003 (GMS) |
| | : | |
| SELECTRUCKS OF AMERICA, LLC, | : | |
| | : | JURY TRIAL DEMANDED |
| Defendant. | : | |

**JOINT STATUS REPORT**

Plaintiff, Mehmet Aksoy, and defendant, SelecTrucks of America, LLC, submit this Joint Status Report in preparation for the telephonic status and scheduling conference before this Court set for April 14, 2008 at 11:30 a.m.

1. **Jurisdiction and Service.**

The parties agree that the Court has subject matter jurisdiction, that all parties are subject to the Court's jurisdiction, and that all parties have been served.

2. **Substance of the Action.**

Plaintiff alleges that the defendant sold a tractor-trailer to him which had considerably higher mileage on it than what was reflected on the odometer and in the contract terms. The plaintiff alleges violations of the Federal Odometer Act, 49 U.S.C. §32705, Delaware's Consumer Fraud Act, 6 *Del.C.* §2513(a), breach of warranty, and common law misrepresentation.

Defendant, SelecTrucks of America, LLC, denies all of the allegations in plaintiff's Complaint and specifically denies that it made any warranties and/or misrepresentations as to the mileage on the vehicle leased to the plaintiff. Defendant further disputes the nature, extent and

causal relationship of plaintiff's alleged damages. Defendant has asserted a number of affirmative defenses including, but not limited to, disclaimer of warranty, waiver/estoppel and failure to state a claim upon which relief may be granted.

3. **Identification of Issues.**

The primary factual issue is whether the tractor-trailer in question had significantly more miles on it than that represented in the parties' contract and on the odometer. Legal questions include the parties' duties and rights under the Federal Odometer Act, the UCC and various other statutes, as well as the nature, extent and causal relationship of plaintiff's alleged damages.

4. **Narrowing of Issues.**

Plaintiff believes if the actual mileage on the vehicle at the time of sale can be agreed upon by the parties, it is likely the issues in this case can be significantly narrowed.

Defendant does not believe the issues in this case may be narrowed. Defendant anticipates filing a dispositive motion based upon one or more of the affirmative defenses asserted in its Answer to the Complaint.

5. **Relief.**

Plaintiff seeks a monetary judgment equal to the value of his lease obligation ($93,981.15), relief under the Federal Odometer Act to include treble damages and attorney's fees, pre-judgment interest, and court costs.

Defendant seeks dismissal of the plaintiff's claims and court costs.

6. **Amendment of Pleadings.**

None anticipated by the plaintiff at this time.

Defendant may seek to amend its Answer to the Complaint to allege additional affirmative defenses.

7. **Joinder of Parties.**

None anticipated by the plaintiff at this time.

Defendant does not intend to seek the joinder of any additional parties at this time, but may do so in the event that discovery so warrants.

8. **Discovery.**

The plaintiff anticipates paper discovery, discovery directed to the company which sold the vehicle to the defendant, and 3-4 depositions. The plaintiff further anticipates hiring an expert witness to give an opinion on the actual mileage of the vehicle at the time of sale, the forseeability of mileage discrepancies to the defendant, and tractor-trailer valuation. Hopefully, the same person can testify as to all of these matters.

Defendant anticipates propounding interrogatories, requests for admission and document requests to the plaintiff and obtaining any relevant documents relating to the vehicle at issue. Defendant also anticipates deposing the plaintiff, any witnesses identified through discovery and any experts identified by the plaintiff. Defendant may also retain an expert(s) on the issue(s) of liability and/or damages. Defendant believes the foregoing discovery is necessary and cannot be limited further. Defendant does not believe there are less costly or time-consuming discovery methods available.

9. **Estimated Trial Length.**

Plaintiff estimates a trial length of two days.

Defendant estimates a trial length of two to three days. Defendant does not believe it is possible to reduce the length of the trial by stipulations, use of summaries or statements or other expedited means of presenting evidence. Defendant believes it may be feasible to bifurcate the trial on the issues of liability and damages.

10. **Jury Trial?** Yes.

11. **Settlement.**

There have been no settlement discussions as of yet. The parties believe it is appropriate to refer the case to a Magistrate for mediation or other ADR mechanism upon the completion of discovery.

12. **Such other matters as counsel considers conducive to the just, speedy and inexpensive determination of this action.**

None at this time.

13. Counsel for the parties have conferred as to each of the above matters.

| | |
|---|---|
| **FERRY, JOSEPH & PEARCE, P.A.** | **MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN** |
| BY: /s/Rick S. Miller<br>    RICK S. MILLER, ESQUIRE<br>    I.D. No. 3418<br>    824 Market Street, Suite 904<br>    P.O. Box 1351<br>    Wilmington, DE  19899<br>    (302) 575-1555<br>    Attorney for Plaintiff,<br>    Mehmet Aksoy | BY: /s/Tracy A. Burleigh<br>    TRACY A. BURLEIGH, ESQUIRE<br>    I.D. No. 3609<br>    1220 North Market Street, 5th Floor<br>    P.O. Box 8888<br>    Wilmington, DE  19899<br>    (302) 552-4304<br>    Attorney for Defendant,<br>    SelecTrucks of America, LLC |

Dated:  April 11, 2008
15/605710.v1