IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MEHMET AKSOY, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 08-003(GMS) |
| | ) | |
| v. | ) | |
| | ) | |
| SELECTRUCKS OF AMERICA, LLC, | ) | TRIAL BY JURY DEMANDED |
| a Delaware limited liability company, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO WITHDRAW AS**
**COUNSEL FOR THE PLAINTIFF**

Pursuant to D. Del. Local Rule 83.7, the undersigned hereby moves to withdraw as plaintiff's counsel, and respectfully states as follows:

1. This is a breach of warranty and Federal Odometer Act claim brought by the purchaser of a commercial tractor trailer against the seller of the vehicle. The complaint alleges that the odometer on the vehicle did not reflect the true mileage on the vehicle. The plaintiff learned of the discrepancy when having the vehicle serviced and he was told that the onboard computer reflected approximately 180,000 more miles on the vehicle than the odometer.

2. The case is scheduled for trial on October 14, 2008. A mediation conference is scheduled for September 19, 2008 with Magistrate Judge Stark. Discovery ends on August 14, 2008.

3. Throughout discovery, plaintiff's counsel has been unable to find sufficient evidence to support plaintiff's claims. Moreover, plaintiff's counsel has been unable to obtain witnesses, expert or otherwise, willing and able to come to trial to give testimony in support of the plaintiff's case. Although the service records related to the vehicle that have been obtained show a marked discrepancy between the odometer and the onboard computer, plaintiff's counsel has

been unable to determine the cause of the discrepancy. Records obtained from the truck's previous owner, a Tennessee trucking firm called Covenant Transport are similarly ambiguous. Those records seem to support the defendant's case in that they show that the vehicle was transferred to the defendant on the assumption that the odometer mileage was correct. However those records also show some inconsistencies in how the odometer mileage was recorded in the maintenance logs.

    4. Plaintiff's counsel contacted the plaintiff and told him that based on the evidence he has seen, in his professional judgment, the plaintiff did not have a reasonable chance of succeeding at trial Counsel sought the plaintiff's authority to dismiss the case. The plaintiff wanted time to consider his position and said he would call counsel back after the weekend. On July 28, 2008, the plaintiff called counsel back and stated he agreed with counsel's advice and authorized counsel to dismiss the case. On Thursday, July 31, 2008, plaintiff's counsel spoke with defense counsel for the purpose of determining whether any settlement could be obtained. Through some back and forth negotiations, the parties agreed on a small settlement in exchange for dismissal of the suit.

    5. Plaintiff's counsel immediately reported back to his client that he had obtained a small settlement for the plaintiff, fully expecting the plaintiff to be pleased. However, by this time, the plaintiff had changed his mind and stated he no longer wished to dismiss the case. He asked for a couple more days to obtain some additional information. At that time, plaintiff's counsel explained to his client he had thought the case was settled, and that the plaintiff's position placed counsel in a very precarious situation. Plaintiff's counsel stated he would have no choice but to withdraw from the case unless plaintiff agreed to the settlement. Plaintiff's counsel explained he could be a witness if the defendant chose to enforce the settlement agreement. Plaintiff's

counsel also explained that he could not go further any longer because he did not believe the case had a reasonable chance of success at trial. Plaintiff's counsel sent the plaintiff a letter by e-mail confirming these matters. Plaintiff's counsel reported to defense counsel who confirmed that her client believed the parties had settled the case. Defense counsel graciously agreed to give the plaintiff a few more days to re-consider his decision before taking any action to enforce the settlement.

6. Plaintiff's counsel spoke with plaintiff on the morning of August 4, 2008. Plaintiff again stated that he wanted to go forward with his case because he felt like he had been cheated by the defendant. He again declined to dismiss the case. Plaintiff's counsel restated that he would have to withdraw as his attorney. The plaintiff responded that he understood counsel's position and he would seek to hire a new attorney to take the case to trial.

7. Attached hereto as Exhibit "A" is the fee agreement that the plaintiff has with counsel's firm. The agreement calls for a contingent fee, and permits counsel to withdraw if, in his discretion, he determines there is no possibility for recovery.

8. The following reasons compel counsel to make this very difficult decision to seek to withdraw as plaintiff's attorney in this case:

    a) Should defendant seek to enforce the parties' settlement agreement, plaintiff's counsel would be a material witness to that agreement;

    b) Plaintiff's counsel has determined that there is no reasonable possibility of success at trial, based on the record as developed through discovery, and believes in good faith that going through with a trial would be wasteful of the resources of the parties and the Court;

    c) Plaintiff's counsel and the plaintiff are unable to agree on a reasonable course of action going forward in this case;

      d) Plaintiff's counsel relied on the plaintiff's statements that he was authorizing counsel to dismiss the case. It is not possible for an attorney to represent a client who changes his mind after such an important decision.

9. A copy of this Motion has been sent to the plaintiff by certified mail, return receipt requested.

WHEREFORE the undersigned respectfully requests that the Court grant him leave to withdraw as plaintiff's counsel in this case.

                                   FERRY, JOSEPH & PEARCE, P.A.

                                   /s/Rick S. Miller
                                   Rick S. Miller (#3418)
                                   824 Market Street, Suite 904
                                   P.O. Box 1351
                                   Wilmington, DE 19899-1351
                                   (302) 575-1555
                                   Attorney for Plaintiff

Dated: August 4, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MEHMET AKSOY, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 08-003(GMS) |
| | ) | |
| v. | ) | |
| | ) | |
| SELECTRUCKS OF AMERICA, LLC, | ) | TRIAL BY JURY DEMANDED |
| a Delaware limited liability company, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

AND NOW, to wit this _____ day of _____, 2008, upon consideration of the Motion to Withdraw filed by plaintiff's counsel, IT IS HEREBY ORDERED as follows:

1. The Motion is GRANTED.

2. Rick S. Miller, Esquire and the law firm of Ferry, Joseph & Pearce, P.A. are granted leave to withdraw as plaintiff's counsel.

_____
United States District Judge

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing Motion to Withdraw as Plaintiff's Counsel was served on August 4, 2008 to the following persons in the manner indicated:

**By Hand Delivery:**

Tracy A. Burleigh, Esquire
Marshall Dennehy Warner Coleman & Goggin
1220 N. Market Street, 5th Floor
Wilmington, DE 19801

**By Certified Mail, Return Receipt Requested:**

Mehmet Emin Aksoy
38 Monroe Street, EA-9
New York, NY 10002

                            /s/Rick S. Miller
                            Rick S. Miller (#3418)

## AGREEMENT WITH ATTORNEY FOR CONTINGENCY FEE

MEHMET EMIN AKSOY ("client"), in consideration of the legal services rendered by the law offices of Ferry, Joseph & Pearce, P.A. ("attorneys") as set forth herein, hereby agrees to pay said attorneys one-third (1/3) of the recovery by compromise or judgment.

The services to be rendered by attorneys include any and all services in connection with the client's claim against SelecTrucks of the Mid-Atlantic (Wilmington, Delaware) arising out of the client's purchase of a 2004 Freightliner Diesel. This contingency fee agreement shall cover all services rendered through trial. In case of an appeal, or in case a new trial should need to be perfected in this case, the amount of legal fees will then be subject to renegotiation.

All necessary costs and expenses incurred in litigation shall be borne and paid by the client including, but not limited to, court costs and filing fees, expert witness costs, court reporter fees and other out-of-pocket expenses incurred by attorneys.

If no recovery is obtained, no fee shall be payable to the attorneys. The attorneys, in their absolute discretion, may withdraw at any time from the case if investigation discloses no possibility of recovery for client. Associate counsel and paralegals may be employed at the discretion and expense of the attorneys.

In the event that client desires to terminate the representation of the attorney or, after directing the attorney to institute legal action decide to voluntarily withdraw or terminate that action, client agrees to be responsible for the reasonable legal fees of the attorneys for time expended on her behalf, said fees to be charged on an hourly basis for time expended by the attorneys at their usual hourly rates.

Client agrees not to compromise the suit without attorneys' consent and attorneys are not authorized to do so without client's consent.

Client agrees to keep attorneys advised of their whereabouts at all times; to cooperate in the preparation and trial of the case; to appear on reasonable notice for depositions; and to comply with all reasonable requests made of client in connection with the preparation and presentation of client's case.

Client authorizes attorneys to negotiate any and all settlement or judgment checks received on behalf of the client, and to deduct attorney's fees from said settlement checks, and appoints Ferry, Joseph

& Pearce, P.A. as her attorney-in-fact for such limited purpose. Attorneys shall provide to client a settlement statement explaining the disbursement of the settlement proceeds at the time of such settlement.

Dated this 22 day of OCTOBER, 2007.

FERRY, JOSEPH & PEARCE, P.A.

By: Rick S. Miller                             Mehmet Emin Aksoy

**READ CAREFULLY**: This is your contract. It protects both you and your attorneys and will prevent misunderstanding. If you do not understand it, or if it does not contain all the agreements you discussed, please call it to our attention.