IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MEHMET AKSOY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 08-003 (GMS) |
| | : | |
| SELECTRUCKS OF AMERICA, LLC, | : | |
| | : | JURY TRIAL DEMANDED |
| Defendant. | : | |

**MOTION OF DEFENDANT, SELECTRUCKS OF AMERICA, LLC,
TO ENFORCE THE SETTLEMENT AGREEMENT**

Defendant, SelecTrucks of America, LLC, by and through its undersigned counsel, hereby moves this Honorable Court to enter the attached Order enforcing the settlement agreement in the above-captioned matter and states the following in support of its Motion:

1. On or about January 3, 2008, plaintiff instituted this action against defendant seeking damages allegedly sustained in connection with the lease of a used tractor trailer which he obtained on July 31, 2006.

2. This case is scheduled for trial on October 14, 2008. A mediation conference is scheduled for September 19, 2008 with Magistrate Judge Stark. Discovery ends on August 14, 2008.

3. After obtaining documents evidencing the service history, maintenance history and mileage history of the subject vehicle, plaintiff's counsel, Rick S. Miller, Esquire, recognized the weaknesses of plaintiff's case and advised his client of same. *See*, plaintiff's counsel's Motion to Withdraw as Counsel at ¶¶3-4. [D.I. 23]

4. Plaintiff's counsel subsequently sought and obtained plaintiff's authority to dismiss this matter on July 28, 2008. [D.I. 23 at ¶4]

5. On July 30, 2008, plaintiff's counsel contacted the undersigned to discuss the possibility of settling the case. During that conversation, plaintiff's counsel acknowledged the weaknesses in his case. Through some negotiation, the parties agreed to settle this matter on July 31, 2008 for a total of sum of $4,000.00 in exchange for a release to be executed in favor of the defendant and a dismissal of the case with prejudice. [D.I. 23 at ¶4] *See also,* defense counsel's correspondence to plaintiff's counsel confirming the settlement agreement, attached hereto as Exhibit "A".

6. As a result of the settlement agreement, counsel agreed to cancel the depositions of the plaintiff and defendant's former operations manager which were scheduled to take place on August 4, 2008.

7. On August 1, 2008, plaintiff's counsel informed the undersigned that the plaintiff "has had second thoughts about settlement". A copy of the communication from plaintiff's counsel is attached hereto as Exhibit "B". *See also,* D.I. 23 at ¶5. At the request of plaintiff's counsel, the undersigned agreed to give the plaintiff some additional time to reconsider his position regarding settlement prior to filing the instant motion.

8. Based upon the representations in plaintiff's counsel's Motion to Withdraw, plaintiff refuses to comply with the terms of the settlement agreement. [D.I. 23 at ¶6]

9. Defendant seeks an order enforcing the settlement agreement reached in this case.

10. Plaintiff gave his attorney authority to resolve and dismiss this case. More specifically, plaintiff's counsel's was authorized to dismiss the case with no compensation to be paid to the plaintiff. Plaintiff's counsel, acting on such authority, entered into an agreement to dismiss the case in exchange for a settlement that was more favorable for the plaintiff than the authority of zero compensation which had previously been given.

11. Because plaintiff's counsel had authority to dismiss the case and entered into an agreement within the extent of that authority, a contract exists between the parties to settle this case for $4,000.00.

12. Accordingly, the defendant respectfully requests this Court to enforce the aforementioned settlement agreement and dismiss this case with prejudice.

13. "A District Court has jurisdiction to enforce a settlement agreement entered into by litigants in a case pending before it." *Leonard v. Univ. of Delaware,* 204 F. Supp. 2d 784, 787 (D. Del. 2002), *cert. denied*, 124 S. Ct. 809, (U.S., Dec. 1, 2003). *See also, Liberate Technologies, LLC v. Worldgate Communications, Inc.*, 133 F. Supp. 2d 357, 358 (D. Del. 2001) and *The Intellisource Group, Inc. v. Williams,* C.A. No. 98-57-SLR, 1999 U.S. Dist. LEXIS 12446, at *10 (D. Del. Aug. 11, 1999).

14. "To do so, the court must determine whether the settlement agreement at issue is an enforceable contract under Delaware law." *Leonard,* 204 F. Supp. 2d at 787 citing, *Intellisource*, 1999 U.S. Dist. LEXIS 12446, at *12. "Under Delaware law, a contract 'comes into existence if a reasonable person would conclude, based on the objective manifestations of assent and the surrounding circumstances, that the parties intended to be bound by their agreement on all essential terms.'" *Id*. (citations omitted). Therefore, the Court can find there is an enforceable contract if the parties have reached a definite agreement on all essential terms. *Id*. (citations omitted).

15. In addition, a party's attorney of record is presumed to have the lawful authority to enter into a settlement agreement on behalf of his or her client. See, *Clark v. Ryan,* 1992 Del. Ch. LEXIS 145 (Del. Ch. Ct.1992), citing *Aiken v. National Fire Safety Counsellors*, 127 A.2d 473, 475 (Del. Ch. Ct. 1956) ("An attorney of record in a pending action who agrees to a

compromise of a case is presumed to have lawful authority to make such an agreement.")

Therefore, when a party's attorney accepts a settlement offer on his client's behalf, the acceptance of that offer creates a binding, contractual settlement agreement which can be enforced by the Court under the principles of contract law.

16.     In this case, the parties reached an agreement on all essential terms. Plaintiff's counsel, pursuant to the authority given by his client, agreed to accept defendant's $4,000.00 offer in full and final settlement of all claims. There were no outstanding issues. There was no ambiguity with respect to the terms. The parties agreed that, in exchange for the payment of $4,000.00 to the plaintiff, the plaintiff would execute a release in favor of the defendant and dismiss this case with prejudice.

17.     Settlement agreements are "binding contracts," "not pliable instruments, changeable and challengeable at will." *Leonard*, 204 F. Supp. 2d at 788. Plaintiff is not entitled to change his mind after an enforceable settlement agreement is reached pursuant to the authority given to his counsel.

18.     Based upon the foregoing, defendant respectfully requests that the Court enforce the settlement agreement reached in this matter. Defendant also seeks recovery of attorney's fees and costs incurred in the preparation and presentation of this Motion.

WHEREFORE, defendant, SelecTrucks of America, LLC, respectfully requests that this Honorable Court enter the attached Order granting defendant's Motion to Enforce the Settlement Agreement.

        **MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

BY:   */s/ Tracy A. Burleigh* **(ID No. 3609)**
       **TRACY A. BURLEIGH, ESQUIRE**
       **1220 North Market St., 5th Floor**
       **P.O. Box 8888**
       **Wilmington, DE  19899**
       **(302) 552-4304**
       **Attorney for Defendant,**
       **SelecTrucks of America, LLC**

DATED:  August 6, 2008
15/654040.v1

**EXHIBIT "A"**

**Burleigh, Tracy A.**

From: Burleigh, Tracy A.
Sent: Thursday, July 31, 2008 2:12 PM
To: 'Rick Miller'
Subject: RE: Aksoy vs SelecTrucks

Rick,

This will confirm that we've agreed to settle the above case for $4,000.00. I understand that you will notify the Court of the settlement. Please forward your Tax ID# so I can request the settlement check.

Tracy Burleigh
(302) 552-4304
taburleigh@mdwcg.com

---

From: Rick Miller [mailto:rmiller@ferryjoseph.com]
Sent: Thursday, July 31, 2008 11:54 AM
To: Burleigh, Tracy A.
Subject: RE: Aksoy vs SelecTrucks

He will settle for $5k. Please let me know if that is acceptable to your client.


Rick S. Miller, Esquire (Del. Bar I.D. No. 3418)
Ferry, Joseph & Pearce, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899-1351
(302) 575-1555
(302) 575-1714 (fax)
rmiller@ferryjoseph.com

>-----Original Message-----
>From: Burleigh, Tracy A. [mailto:TABurleigh@MDWCG.com]
>Sent: Thursday, July 31, 2008 9:12 AM
>To: Rick Miller
>Subject: RE: Aksoy vs SelecTrucks

Thanks, Rick.

>From: Rick Miller [mailto:rmiller@ferryjoseph.com]
>Sent: Thursday, July 31, 2008 9:11 AM
>To: Burleigh, Tracy A.
>Subject: RE: Aksoy vs SelecTrucks

Thanks Tracey. I'll speak with him and get back to you ASAP.


8/5/2008

Rick S. Miller, Esquire (Del. Bar I.D. No. 3418)
Ferry, Joseph & Pearce, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899-1351
(302) 575-1555
(302) 575-1714 (fax)
rmiller@ferryjoseph.com

-----Original Message-----
**From:** Burleigh, Tracy A. [mailto:TABurleigh@MDWCG.com]
**Sent:** Thursday, July 31, 2008 9:10 AM
**To:** Rick Miller
**Subject:** Aksoy vs SelecTrucks

Rick,

I have authority to settle this case for $2,000.00. Let me know plaintiff's response. I have an arbitration at 10am today and then I have a meeting with a client at 2pm.

Tracy Burleigh
(302) 552-4304
taburleigh@mdwcg.com

**Tracy A. Burleigh, Esq.**
*Attorney at Law*

1220 N. Market St., 5th Floor
P.O. Box 8888
Wilmington, DE 19899
P: (302) 552-4304
F: (302) 651-7905

- website
- e-mail
- bio

This e-mail transmission and any documents, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify me by forwarding this e-mail to TABurleigh@MDWCG.com , or by telephone at (302) 552-4304 and then delete the message and its attachments from your computer.

8/5/2008

EXHIBIT "B"

**Burleigh, Tracy A.**

**From:** Rick Miller [rmiller@ferryjoseph.com]
**Sent:** Friday, August 01, 2008 11:14 AM
**To:** Burleigh, Tracy A.
**Subject:** RE: Aksoy vs SelecTrucks

Dear Tracy: Unfortunately, Mr. Aksoy has had second thoughts about settlement. It looks like I may have to file a motion to withdraw as his attorney, which is something I really hate to do, but I may not have much other choice.

He says he needs "a couple more days" to complete some task related to the Covenant records. I asked him if he could be done today and he told me not to rush him. But it is possible that once he completes the task he will still want to settle the case. I guess what I'm asking for is if you could give us until next Tuesday or Wednesday, to see if I can convince my client to settle and give him the chance to finish whatever he thinks he needs to do. If he is not prepared to settle by then, I will file a motion to withdraw. In the mean time, I will not be taking Mr. Poltrock's deposition on Monday. Please let me know if you still intend to depose Mr. Aksoy on Monday, so that I can inform him.

I can not tell you how really, really sorry I am for this. Hopefully he will reconsider his position and we can move forward with the settlement. I'll let you know when I hear further from him.

Rick S. Miller, Esquire (Del. Bar I.D. No. 3418)
Ferry, Joseph & Pearce, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899-1351
(302) 575-1555
(302) 575-1714 (fax)
rmiller@ferryjoseph.com

-----Original Message-----
**From:** Burleigh, Tracy A. [mailto:TABurleigh@MDWCG.com]
**Sent:** Thursday, July 31, 2008 2:12 PM
**To:** Rick Miller
**Subject:** RE: Aksoy vs SelecTrucks

Rick,

This will confirm that we've agreed to settle the above case for $4,000.00. I understand that you will notify the Court of the settlement. Please forward your Tax ID# so I can request the settlement check.

Tracy Burleigh
(302) 552-4304
taburleigh@mdwcg.com

**From:** Rick Miller [mailto:rmiller@ferryjoseph.com]
**Sent:** Thursday, July 31, 2008 11:54 AM
**To:** Burleigh, Tracy A.
**Subject:** RE: Aksoy vs SelecTrucks

8/6/2008

He will settle for $5k. Please let me know if that is acceptable to your client.

Rick S. Miller, Esquire (Del. Bar I.D. No. 3418)
Ferry, Joseph & Pearce, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899-1351
(302) 575-1555
(302) 575-1714 (fax)
rmiller@ferryjoseph.com

-----Original Message-----
**From:** Burleigh, Tracy A. [mailto:TABurleigh@MDWCG.com]
**Sent:** Thursday, July 31, 2008 9:12 AM
**To:** Rick Miller
**Subject:** RE: Aksoy vs SelecTrucks

Thanks, Rick.

**From:** Rick Miller [mailto:rmiller@ferryjoseph.com]
**Sent:** Thursday, July 31, 2008 9:11 AM
**To:** Burleigh, Tracy A.
**Subject:** RE: Aksoy vs SelecTrucks

Thanks Tracey, I'll speak with him and get back to you ASAP.

Rick S. Miller, Esquire (Del. Bar I.D. No. 3418)
Ferry, Joseph & Pearce, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899-1351
(302) 575-1555
(302) 575-1714 (fax)
rmiller@ferryjoseph.com

-----Original Message-----
**From:** Burleigh, Tracy A. [mailto:TABurleigh@MDWCG.com]
**Sent:** Thursday, July 31, 2008 9:10 AM
**To:** Rick Miller
**Subject:** Aksoy vs SelecTrucks

Rick,

I have authority to settle this case for $2,000.00. Let me know plaintiff's response. I have an arbitration at 10am today and then I have a meeting with a client at 2pm.

Tracy Burleigh

8/6/2008

(302) 552-4304
taburleigh@mdwcg.com

**Tracy A. Burleigh, Esq.**
*Attorney at Law*

1220 N. Market St . 5th Floor
P.O. Box 8888
Wilmington, DE 19899
P: (302) 552-4304
F: (302) 651-7905

- website
- e-mail
- bio

This e-mail transmission and any documents, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify me by forwarding this e-mail to TABurleigh@MDWCG.com , or by telephone at (302) 552-4304 and then delete the message and its attachments from your computer.

8/6/2008

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| MEHMET AKSOY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 08-003 (GMS) |
| | : | |
| SELECTRUCKS OF AMERICA, LLC, | : | |
| | : | JURY TRIAL DEMANDED |
| Defendant. | : | |

**O R D E R**

AND NOW, this _____ day of _____, 2008, upon consideration of Defendants' Motion to Enforce the Settlement Agreement, and any responses thereto, IT IS HEREBY ORDERED that Defendant's Motion is GRANTED.

Plaintiff shall provide the executed Release and Stipulation of Dismissal to counsel for defendant within ten (10) days of the date of this Order.

In addition, defense counsel is awarded $_____ in attorney's fees and costs incurred in the preparation and presentation of the Motion.

_____<br>J.

15/654315.v1