IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MEHMET AKSOY, <br>         Plaintiff, <br><br> v. <br><br> SELECTRUCKS OF AMERICA, LLC, <br><br>         Defendant. | ) <br> ) <br> ) <br> ) <br> )    Civil Action No. 08-003-GMS <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM ORDER**

1. Presently before the court is the defendant, SelecTrucks of America, LLC's ("SelecTrucks") motion to enforce the settlement agreement. (D.I. 24.) For the reasons that follow, the court will grant the defendant's motion.

2. This action arises out of a contract dispute for the purchase of a commercial truck. (D.I. 1.) As alleged in the complaint, on or about July 31, 2006, the plaintiff, Mehmet Aksoy ("Aksoy") and the defendant entered into a contract whereby the plaintiff agreed to purchase a commercial truck (the "truck") from the defendant. (*Id.* at ¶ 4.) Pursuant to the terms of the contract, the plaintiff claims that the defendant "represented and expressly warranted" that the truck had 320,000 miles, and that he relied on the defendant's representation and warranty in agreeing on the sales price in the contract. (*Id.* at ¶ 6.) The plaintiff further alleges that he later learned, however, that the truck actually "had close to 500,000 miles on it." (*Id.* at ¶ 7.) Consequently, on January 3, 2008, the plaintiff filed this action against the defendant for, among other things, violation of the Federal Odometer Act, 49 U.S.C. § 32705, *et. seq.*, as well as the Delaware Consumer Fraud Act (DCFA), 6 Del. C. §2513(a). (D.I. 1 at ¶ 10.)

3. During the discovery period, after reviewing documents evidencing the service history, maintenance history and mileage history of the truck at issue, the plaintiff's counsel, Rick S. Miller, Esq. ("Miller") discussed the impact this evidence might have on the plaintiff's claims in this case and the likelihood of success at trial. (D.I. 24 at ¶ 3.) Following that discussion regarding the merits of the case, on July 28, 2008, the plaintiff authorized Miller to dismiss the case in its entirety. (*Id.* at ¶ 4.)

4. On July 30, 2008, the plaintiff's counsel contacted the defendant's counsel, Tracey Burleigh, Esq. ("Burleigh") to discuss settling the case. (D.I. 24 at ¶ 5.) After some negotiation, on July 31, 2008, the parties agreed to settle this matter for $4,000 in exchange for the plaintiff executing a release in favor of the defendant, and dismissing this claims against the defendant with prejudice. (*Id.*) Neither the plaintiff's counsel, nor the defendant's counsel dispute these facts or refute, in any way, that the parties' reached settlement on July 31, 2008 on these terms.

5. Despite the parties' July 31, 2008 settlement agreement, on August 1, 2008, the plaintiff's counsel informed the defendant's counsel that the plaintiff "has had second thoughts about settlement." (D.I. 24 at ¶ 7.) Specifically, after being advised of the settlement agreement by his counsel, the plaintiff changed course and decided that he no longer wanted to dismiss the case, and instead, he now wanted to take the case to trial. (D.I. 33 at ¶ 5.)

6. As a result, the plaintiff, now, refuses to comply with the terms of the parties' settlement agreement. (D.I. 24 at ¶ 8.) Specifically, the plaintiff contends that the settlement agreement is unenforceable because, although his attorney was authorized to dismiss the case for nothing, his attorney was not authorized negotiate a settlement. (D.I. 33 at ¶ 6.) The defendant

contends that, on July 31, 2008, the parties' reached a binding settlement agreement that should be enforced by this court. (D.I. 24 at ¶ 12.) The court agrees.

7. "[A]n agreement to settle a lawsuit, voluntarily entered into, is binding upon the parties, whether or not made in the presence of the court, and even in the absence of a writing." *Read v. Baker*, 438 F. Supp. 732, 735 (D. Del. 1977). It is well settled that "[a] District Court has jurisdiction to enforce a settlement agreement entered into by litigants in a case pending before it." *Leonard v. University of Delaware*, 204 F. Supp. 2d. 784, 787 (D. Del. 2002) (internal citations omitted.) In order to do so, the "court must determine whether the settlement agreement at issue is an enforceable contract under Delaware Law." *Id*. Under Delaware law, a binding contract "comes into existence if a reasonable person would conclude, based on the objective manifestations of assent and the surrounding circumstances, that the parties intended to be bound by their agreement on all essential terms." *The Intellisource Group, Inc. v. Williams*, 1999 WL 615114, at *12. (D. Del. Aug. 11, 1999) (internal citations omitted). When parties agree to settle a lawsuit, a binding contract is deemed to have been created. *See Corbesco, Inc. v. Local 542, Int'l Union of Operation Eng'rs*, 620 F. Supp. 1239, 1244 (D. Del. 1985).

8. Here, there is no dispute that, on July 31, 2008, the parties reached a binding agreement on all essential terms of settlement. Specifically, as evidenced by the emails exchanged between both sides' counsel, the parties agreed to settle this case, *i.e.*, for the defendant to make payment to the plaintiff in the amount of $4000 and, in exchange, for the plaintiff to execute a release in favor of the defendant, and to dismiss all of the claims against the defendant with prejudice. Indeed, given the clarity and specificity of these terms, and the absence of any open issues relating to the parties' settlement, a reasonable person would conclude that both Aksoy and SelecTrucks "intended to be bound by their agreement on all

essential terms." *Intellisource*, 1999 WL 615114 at *12. The court, therefore, finds that Aksoy and SelecTrucks entered into an enforceable agreement to settle this case on the terms set forth above.

9. The court rejects the plaintiff's argument that the settlement agreement is unenforceable because his attorney was not authorized to reach a settlement on his behalf. To the contrary, the court finds that the plaintiff's counsel unequivocally agreed to and entered into a binding settlement agreement with the defendant's counsel, and as a result, the plaintiff is legally bound by that agreement. Under Delaware law, an "attorney of record in a pending action who agrees to a compromise of a case is presumed to have lawful authority to make such an agreement." *Clark v. Ryan*, No. 628-K, 1992 WL 163443, at *5 (Del. Ch. June 17, 1992) (quoting *Aiken v. National Fire Safety Counsellors*, 127 A.2d 473, 475 (Del. Ch. 1956)). Moreover, once a party shows that an "attorney purported to unequivocally settle the case," the opposing party bears the burden of rebutting the attorney's agency. *Aiken*, 127 A.2d at 475.

10. Here, the undisputed record reflects that the plaintiff's counsel contacted the defendant's counsel to discuss settling the case, and after those discussions, both sides' agreed to settle this matter on July 31, 2008. The record also reflects that only after the parties reached agreement did the plaintiff begin to have "second thoughts about settlement." (D.I. 24 at ¶ 7.) It is also undisputed that the plaintiff gave his counsel full authority to dismiss the case in its entirety. (*Id.* at ¶ 4.) In light of these facts, the plaintiff will not be heard to now claim that his counsel did not have authority to act and did not, in fact, act on his behalf. Aksoy's "second thoughts" come after the fact and are insufficient to overcome the presumption that his attorney had lawful authority to (and, in fact, did) settle this case on his behalf.

11. For the reasons stated above, the court will, therefore, grant the defendant's motion to enforce the settlement agreement.[1]

Dated: September __, 2009

_____
CHIEF, UNITED STATES DISTRICT JUDGE

---

[1] The court, however, will deny the defendant's request for "recovery of attorney's fees and costs incurred in the preparation and presentation of this [m]otion." (D.I. 24 at ¶ 18.)